UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS BRENT FIELDS,<br><br>                    Plaintiff,<br><br>-against-<br><br>PFIZER C.E.O. ALBERT BOURIA; JOHN OR JANE DOE'S SCIENTIST CHEMIST PHYSICIST SUBURTNITES,<br><br>                    Defendants. | 1:22-CV-7971 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Marcus Brent Fields, who is currently incarcerated in the Richard J. Donovan Correctional Facility, in San Diego, California, brings this *pro se* action under both federal and state law. He sues the Chief Executive Officer of Pfizer, Inc. ("Pfizer"), Albert Bouria, as well as unidentified "John Doe or Jane Doe" scientists, chemists, physicists, and "subordinates," who appear to be employed at Pfizer. For the following reasons, the Court transfers this action to the United States District Court for the Southern District of California.[1]

## DISCUSSION

Under 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] On September 19, 2022, the Court granted Plaintiff *in forma pauperis* ("IFP") status. (ECF 4.)

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff, who alleges that he is a citizen of California, sues Albert Bouria, the Chief Executive Officer of Pfizer, whom he alleges is a citizen of the State of New York; the address that he provides for Bouria's residence is the address of Pfizer's world headquarters, which is located in New York (New York County), New York.[2] (ECF 2, at 2-3.) In addition, Plaintiff sues unidentified "John Doe or Jane Doe" scientists, chemists, physicists, and "subordinates," who appear to be employed at Pfizer, but he does not allege where any of those defendants reside. Plaintiff alleges that his claims arise from the injuries that he has suffered as a result of being injected, on March 4, 2021, while he was incarcerated in the Richard J. Donovan Correctional Facility, in San Diego (San Diego County), California, with a "tainted" dose of the Pfizer COVID-19 vaccine. (*See id.* at 5.)

If the Court were to understand Plaintiff's complaint as asserting claims solely against Bouria, and asserting that Bouria resides in New York County, which is within this judicial district, the Southern District of New York, *see* 28 U.S.C. § 112(b), then this court would be a proper venue for this action under Section 1391(b)(1). The same is true if the Court were to understand Plaintiff's complaint as asserting claims solely against Pfizer. *See* § 1391(b)(1).

Because Plaintiff alleges that he was injected with a "tainted" dose of the Pfizer COVID-19 vaccine while he was incarcerated in the Richard J. Donovan Correctional Facility, which is

---

[2] Plaintiff also alleges that Bouria, an individual, is incorporated in the State of New York, and has his principal place of business in that State. (ECF 2, at 3.)

located in San Diego County, California, within the Southern District of California, *see* 28 U.S.C. § 84(d), however, the United States District Court for the Southern District of California is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying events occurred at the Richard J. Donovan Correctional Facility, in San Diego, within the Southern District of California, where Plaintiff is incarcerated, and it is reasonable to expect that relevant documents and witnesses would also be located in that judicial district. Thus, the Southern District of California appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of California. *See* § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under

Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of California. *See* 28 U.S.C. § 1404(a). This Court defers to the transferee court as to the adjudication of all pending motions and other requests. A summons shall not issue from this Court. This order closes this action in this court.

The Court also directs the Clerk of Court to terminate all pending motions on this Court's docket of this action. Such motions are to be adjudicated by the transferee court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 19, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge